**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Carolyn Calhoun, et al.,<br>Plaintiffs,<br>v.<br>Standard Parking Plus Corporation, et al.,<br>Defendants. | No. CV-24-01771-PHX-MBM<br>**ORDER** |

This is a negligence action. Plaintiff Carolyn Calhoun was injured after tripping over a concrete wheel stop in a parking garage operated by Defendant Standard Parking Plus Corp. ("SP Plus"). Pending before the Court is SP Plus's motion for summary judgment (Doc. 53), which is fully briefed (Docs. 54, 62-64).[1] For the following reasons, the Court denies SP Plus's motion.

**I. Background**

On January 24, 2023, Calhoun parked at the CenterPoint Parking Garage in Tempe, Arizona, which is managed by SP Plus. (Doc. 54 ¶¶ 1-4; Doc. 63 ¶¶ 1-4.) Calhoun was authorized to, and did, park in a space designated for persons with physical disabilities. (Doc. 54 ¶ 4; Doc. 63 ¶¶ 4, 11.) The concrete wheel stop at the top of the parking space was not centered and extended beyond the edge of the parking space on the passenger side of Calhoun's car. (Doc. 54 ¶ 5; Doc. 63 ¶ 5.) When Calhoun returned to her car after work,

[1] The Court denies SP Plus's request for oral argument because the issues are adequately briefed and oral argument will not be useful. *See* LRCiv 7.2(f).

she first went to get something from the rear passenger door. (Doc. 54 ¶ 6; Doc. 63 ¶ 6.) Calhoun then walked toward the front of her car, tripped over the wheel stop, and fell. (Doc. 54 ¶ 7; Doc. 63 ¶ 7.)

SP Plus contends there is no evidence it had actual or constructive notice the wheel stop was displaced and extended beyond the edge of the parking space. (Doc. 53.) SP Plus was not aware of any complaints about the wheel stop at issue and Calhoun does not know when or how the wheel stop became displaced. (Doc. 54 ¶¶ 9-10; Doc. 63 ¶¶ 9-10.)

Calhoun contends SP Plus had actual or constructive notice the wheel stop was not anchored, which resulted in it becoming displaced. (Doc. 62.) SP Plus staff conducted daily inspections of the CenterPoint Parking Garage. (Doc. 63 ¶ 28.) When SP Plus staff saw a wheel stop was displaced, they reported it and arranged for a repair. (Doc. 63 ¶¶ 30-32.)

## II. Legal Standard

Summary judgment is appropriate when there is no genuine dispute as to any material fact and, viewing those facts in a light most favorable to the nonmoving party, the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case, and a dispute is genuine if a reasonable jury could find for the nonmoving party based on the competing evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323. The burden then shifts to the non-movant to establish the existence of a genuine and material factual dispute. *Id*. at 324. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts," and instead "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 586–87 (1986) (citation modified).

**III. Analysis**

To establish negligence in a premises liability case under Arizona law,

> the plaintiff must prove either, 1) that the foreign substance or dangerous condition is the result of defendant's acts or the acts of his servants, or 2) that defendant had actual knowledge or notice of the existence of the foreign substance or dangerous condition, or 3) that the condition existed for such a length of time that in the exercise of ordinary care the proprietor should have known of it and taken action to remedy it (i.e., constructive notice).

*Walker v. Montgomery Ward & Co., Inc.*, 511 P.2d 699, 702 (Ariz. Ct. App. 1973).

As a threshold matter, the parties do not agree on the dangerous condition at issue. SP Plus contends it was the displacement of the wheel stop past the parking space perimeter. (Doc. 53 at 4; Doc. 64 at 2.) Calhoun contends it was the wheel stop not being securely anchored to the ground. (Doc. 62 at 3-4.) Under Arizona law, a landowner is liable for injuries sustained on its premises only if it caused or had notice "of the defect itself which occasioned the injury, and not merely of conditions naturally productive of that defect and subsequently in fact producing it." *Preuss v. Sambo's of Ariz., Inc.*, 635 P.2d 1210, 1211 (Ariz. 1981). Applying *Pruess*, the defect that caused Calhoun's injury was the displacement of the wheel stop past the parking space perimeter. The failure to secure the wheel stop may have been a condition that naturally produced the wheel stop's displacement, but its unanchored status is not the defect itself.

Nothing in the record suggests, and Calhoun points to no evidence showing, that an SP Plus employee displaced the wheel stop or had actual knowledge the wheel stop was displaced. Thus, the issue before the Court is whether a reasonable jury could find SP Plus had constructive notice of the wheel stop's displacement.

Relying heavily on *McGuire v. Valley National Bank of Phoenix*, 381 P.2d 588, 590 (Ariz. 1963), SP Plus argues Calhoun must present some evidence as to how long the wheel stop was displaced to establish constructive notice. (*See* Doc. 64 at 6-7.) But *McGuire* and other cases SP Plus cites in its motion and reply mostly involved foreign items present for

a short time. *See Preuss*, 635 P.2d at 1210 (small rock); *Walker*, 511 P.2d at 701 ("piece of a peach"); *McGuire*, 381 P.2d at 589 (pebble-like substance); *Contreras v. Walgreens Drug Store No. 3837*, 149 P.3d 761, 762 (Ariz. Ct. App. 2006) (slimy blue substance); *Borota v. Univ. Med. Ctr.*, 861 P.2d 679, 680 (Ariz. Ct. App. 1993) (spilled milk); *Spelbring v. Pinal Cnty*., 662 P.2d 458, 459 (Ariz. App. 1983) (12-inch rock).

SP Plus's reliance on such cases is misplaced because, unlike the transient substances and objects in those cases, the wheel stop had been present at the CenterPoint parking garage for at least several years before the incident on January 24, 2023. (Doc. 63-3 at 10.) SP Plus employees purportedly conducted daily inspections of the parking garage and were directed to report displaced wheel stops for repair by a vendor. (*See* Doc. 63-3 at 17-18, 20-25.) Yet the wheel stop also was displaced (in a different way) in February 2025 when Calhoun's expert visited the parking garage.[2] (Doc. 63-3 at 5-8.)

Given the wheel stop's continued presence in the parking garage, its size and weight, and its subsequent or ongoing displacement, a jury reasonably could infer it had been displaced long enough for SP Plus, in the exercise of reasonable care, to find and repair it. *See Thompson v. Walmart*, No. 21-15449, 2022 WL 2800817, at *1-2 (9th Cir. 2022) (reversing summary judgment for defendant in negligence case brought by plaintiff who tripped over displaced wheel stop in parking space for persons with disabilities); *Allan v. Albertson's, LLC*, No. 2:17-cv-03130-JAD-BNW, 2019 WL 7597036, at *5 (D. Nev. July 9, 2019) (similar; denying summary judgment for defendant).

**IV. Conclusion**

Viewing the facts in the light most favorable to Calhoun, the Court finds that a reasonable jury could infer SP Plus had constructive notice of the displaced wheel stop.

Accordingly,

**IT IS ORDERED** that SP Plus's motion for summary judgment (Doc. 53) is

---

[2] SP Plus moved to preclude Calhoun's expert, Mr. Joseph P. Zbick, from offering certain opinions at trial (Doc. 55) but does not appear to dispute the wheel stop at issue also was displaced in February 2025 when Mr. Zbick visited the CenterPoint Garage. The Court does not rely on the challenged opinions in denying SP Plus's motion for summary judgment and will issue a separate order on the motion to preclude.

**DENIED**.

**IT IS FURTHER ORDERED** that the parties appear for a telephonic trial scheduling conference on **October 1, 2026, at 9:30 a.m.** before Magistrate Judge M. Bridget Minder. Call-in information will be provided to the parties by email.

Dated this 11th day of September, 2026.

Mary Bridget Minder

Honorable M. Bridget Minder
United States Magistrate Judge